UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRADLEY JOSEPH QUINN,

Plaintiff,

v.

CRAIG ADAMS, *et al.*

Defendants.

Case No. 08-5279 FDB/KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel. (Dkt. # 11). Having carefully reviewed Plaintiff's motion and the balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

## I. DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789

ORDER - 1

F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id*.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff is articulate and brings his claims in a very clear and organized manner. While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. Plaintiff's concerns regarding investigation and discovery, an absence of legal training and limited access to legal materials are not exceptional factors, but are the type of difficulties encountered by many pro se litigants. Further, there are numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process.

Plaintiff also states that there is a likelihood of success on the merits, however, he has not provided any further information to support his contention other to state generally that his allegations, if proved would establish a violation of the Eighth Amendment. This is not sufficient to carry the burden under this prong. *See, e.g.*, *Wilborn*, 789 F.2d at 1331. Accordingly, the Court finds that counsel is not necessary in this case.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 11) is **DENIED**.

The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  25th  day of July, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2