UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRADLEY J. QUINN,

   Plaintiff,

 v.

CRAIG ADAMS, *et al.*,

   Defendants.

Case No. C08-5279 FDB/KLS

REPORT AND RECOMMENDATION

**Noted For: October 17, 2008**

  Before the Court is Defendants' motion for summary judgment. Dkt. # 14. Defendants claim they are entitled to summary judgment because Plaintiff has failed to exhaust his administrative remedies on his federal claims and that his state claims are barred by the applicable statute of limitations. Defendants support their motion with the Declarations of Pam Lacipierre, Craig Adams, and Mark Maenhout. Dkts. # 15-17.

  Plaintiff has not responded to Defendants' motion, although he has had ample time to file a response. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the Court as an admission that the motion has merit.

  For the reasons stated below, the undersigned recommends that Defendants' motion for

REPORT AND RECOMMENDATION - 1

summary judgment be granted.

## I.  FACTS

**A.     Plaintiff's Allegations**

The following allegations are set forth in Plaintiff's First Amended Complaint filed on June 5, 2008.  Dkt. # 9

On or about September 14, 2005, Plaintiff was removed from the general population at the Pierce County Detention and Correction Center (PCDCC) and placed into administrative segregation without explanation. *Id*., p. 5.  On or about September 17, 2005, he was taken from his cell and forced to shower and return to his cell in handcuffs. *Id*., pp. 6-7.  Plaintiff's requests that the handcuffs be removed and his requests to speak to the sergeant were refused. *Id*., p. 7.  After Plaintiff kicked the cell door to get the correction officer to return to remove his handcuffs, Sgt. Karr arrived at his cell, along with six other correctional officers, armed with a tazer guns and tear gas dispensers and they assaulted him. *Id*., p. 8.

Sgt. Karr grabbed Plaintiff, and choked him, while pointing the tazer gun between his eyes, while the others officers held his feet and placed his legs and arms into chains fastened to eye bolts on the wall. *Id*., pp. 9-10.  Sgt. Karr kicked Plaintiff's head against the floor, two defendants kicked him in the face, and four other defendants jumped on his back with their knees.  When Plaintiff screamed for medical help, he was kicked in the rib cage. *Id*., p. 10.  One of the Defendants pulled Plaintiff's shirt over his face so that he could not see. *Id*.

Plaintiff again requested medical attention, but was told that he would have to wait for the next shift. *Id*., p. 11.  Approximately one hour later, Plaintiff was seen by medical personnel. *Id*, p. 12.  Defendants Pihl, Traylor and Twombly then put Plaintiff in a restraint chair for twelve hours without food or water . *Id*., pp. 12-15.  Defendants Pihl, Traylor, Twombly then subjected

REPORT AND RECOMMENDATION - 2

Plaintiff to a strip search and left him naked in his cell. *Id*., p. 15. The next morning, Defendant Twombly refused to give Plaintiff breakfast, clothing or a blanket for warmth. *Id*., p. 16.

Plaintiff claims that Defendants' use of physical force against him constituted the tort of assault and battery under the laws of the State of Washington and cruel and unusual punishment under the Eighth Amendment. *Id*., p. 17. Plaintiff claims that the failure to provide medical care constitutes the tort of negligence under the law of Washington. *Id*., pp. 17-18.

**B.     Exhaustion of Remedies**

According to Pam Lacipierre, the administrative assistant for the Pierce County Detention and Correction Center ("PCDCC"), the Prisoner Information Handbook, applicable at the time in question, includes the available procedure for filing and appealing "Prisoner Grievances." (Dkt. # 15, p. 1). Ms. Lacipierre has researched PCDCC prisoner grievance records for Plaintiff Bradley J. Quinn. *Id*., p. 2. The grievance records reveal that Mr. Quinn was familiar with the PCDCC grievance process and had filed numerous grievances during his incarceration in 2005. *Id*. However, PCDCC records revealed no grievances by Mr. Quinn concerning any alleged excessive use of force. *Id*. PCDCC records disclosed that during 2005, Mr. Quinn filed two grievances concerning medical care on issues different from those alleged events of September 2005 outlined in his complaint and neither of those issues was appealed by Mr. Quinn. *Id*., pp. 5-6.

**C.     Claims Against Defendant Craig Adams**

Plaintiff names Craig Adams, whom he claims is a "deputy warden for security" at the PCDCC." *Id*., p. 3. Plaintiff claims that Defendant Craig failed to intervene to prevent the misuse of force, committed the tort of assault and battery and failed to take disciplinary action to curb the pattern of physical abuse of inmates in violation of his Eighth Amendment rights. *Id*., p. 17.

In his Affidavit, Mr. Adams states that he is a Piece County Deputy Prosecuting Attorney

REPORT AND RECOMMENDATION - 3

serving as the legal advisor for Pierce County Sheriff Paul Pastor. Dkt. # 16, p. 1. Mr. Adams has never been a "deputy warden" at the PCDCC and his responsibilities do not include and never have included supervising or disciplining PCDCC correctional officers. *Id*., p. 2.

## II. STANDARD OF REVIEW

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c). In deciding whether summary judgment should be granted, the court must view the record in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e). When a summary judgment motion is supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id*.

The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

REPORT AND RECOMMENDATION - 4

# IV. DISCUSSION

## A. Failure to Exhaust

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Id.* at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance, and must do so in a timely manner. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001); *Woodford v. Ngo*. 548 U.S. 81, 126 S.Ct. 2378, 2386-87 (2006). The purpose of the exhaustion requirement is to "reduce the quantity and improve the quality of prisoner suits; . . . [and] afford corrections officials . . . opportunity to address complaints internally. . . . 42 U.S.C. § 1997e(a). *McKart v. United States*, 395 U.S. 185, 195 (1969).

In deciding whether the PLRA exhaustion standard has been met, it must be remembered that § 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion. *Id*. There can be no "absence of exhaustion" unless some relief remains "available," and a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that

REPORT AND RECOMMENDATION - 5

process. *Brown v. Valoff*, 422 F.2d 926, 937 (9th Cir. 2005).

Before a plaintiff can pursue a civil action with respect to prison conditions, he or she must exhaust the administrative remedies that are available. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738-40 (2001). This provision does not require exhaustion of *all* remedies; it requires the exhaustion of "such administrative remedies as are available." *Id*. (emphasis added).

Mr. Quinn alleged in his First Amended Complaint that "at the Pierce County Jail there is no type of procedure available" for prisoner grievances." Dkt. # 9, p. 2. The undisputed record reflects, however, that a procedure does exist at the Pierce County Jail and that Plaintiff availed himself of that procedure on several occasions. Dkt. # 15. In 2005, Mr. Quinn filed two grievances concerning medical care on issues unrelated to those events of September 2005 alleged in his complaint.

Defendants argue that Mr. Quinn alleges no federal cause of action relating to medical care. The First Amended Complaint makes reference only to the tort of negligence under Washington law. *See* Dkt. # 9, pp. 17-18 (seeking recovering for the tort of negligence under Washington law). Mr. Quinn does make a broad allegation at page 19 of his complaint that the Defendants' failure to "provide adequate medical care" violated his rights under the Eighth Amendment. *Id*., p. 19. However, there is evidence of only two medical grievances filed by Mr. Quinn in 2005. Dkt. # 15, p. 2. There is no evidence that these medical grievances are related to the allegations in this action and Mr. Quinn never appealed these grievances. *See, e.g., White v. McGinnis*, 131 F.3d 593 (5th Cir. 1997)(Inmates must pursue all levels of administrative review to satisfy the requirements of § 1997(e) in a timely manner.)

REPORT AND RECOMMENDATION - 6

Moreover, a search of PCDCC records reveals that Mr. Quinn never filed a grievance concerning allegations of excessive force. *Id*. Mr. Quinn has provided no evidence to the contrary. *See, e.g., Sheets v. Terhune*, 421 F.Supp.2d 1304, 1307 (D. Cal. 2006) (officials "met their initial burden as the moving parties by setting forth evidence that they searched [corrections] records for any and all appeals submitted by plaintiff concerning the claims or parties underlying this action").

Viewing all the evidence in the light most favorable to Mr. Quinn, it appears that Defendants are entitled to summary judgment dismissal of his federal claims against them as Mr. Quinn has failed to exhaust his administrative remedies.

**B.      Plaintiff's Pendent State Law Claims**

The First Amended Complaint includes claims state law claims of assault and battery and medical negligence (Dkt. # 9, pp. 17-18), thus invoking the supplemental jurisdiction of the Court. Having concluded that Mr. Quinn's federal claims must be dismissed for failure to exhaust remedies as required by PLRA, the Court may appropriately decline to exercise its supplementary jurisdiction over his state law claims. *McKinney v. Carey*, 311 F.3d 1198, 1201 n. 2 (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966); *Executive Software North America, Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1556-57 (9th Cir. 1994)).

## V.  CONCLUSION

For the reasons stated above the Court should **GRANT** Defendants' motion for summary judgment (Dkt. # 14) and Plaintiff's First Amended Complaint (Dkt. # 9) should be **DISMISSED WITHOUT PREJUDICE**. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written

REPORT AND RECOMMENDATION - 7

objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 17, 2008**, as noted in the caption.

DATED this  29th  day of September, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8